c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SREAM INC, <br> Plaintiff | CIVIL ACTION NO. 1:17-CV-01199 |
| VERSUS | JUDGE DRELL |
| 8837 FLORIDA BLVD, L.L.C., <br> Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by Plaintiff Sream, Inc. ("Sream") on September 20, 2017. (Doc. 1). On motions of Sream (Docs. 7, 8), new counsel was substituted, and Sream's original counsel was removed, as counsel of record. (Docs. 9, 10). On January 29, 2018, the Clerk of Court issued a Notice of Intent to Dismiss for Failure to Prosecute (for failure to effect service within 90 days) under Local Rule 41.3. (Doc. 11). On February 16, 2018, the Court dismissed this action, subject to reinstatement for good cause shown. (Doc. 12). On March 20, 2018, Sream moved to set aside the dismissal and reinstate the case (Doc. 14). The Court reinstated the case on March 13, 2018. (Doc. 15).

A Telephone Status Conference was held on July 16, 2018, at which time the Court granted the parties' proposed Plan of Work. (Docs. 24, 25). Defendant thereafter answered the Complaint. (Doc. 28).

This matter was set for telephone status conferences on January 23, 2019 (Doc. 31), and February 12, 2019 (Doc. 33). Despite clear instructions in the Court's minute entries (Docs. 33, 33), and previous minutes cautioning the parties to carefully

1

observe the Court's instructions in minute entries, counsel for Sream twice failed to participate in conference calls scheduled by the Court. The Court ordered counsel for Sream to appear at a show-cause hearing before the undersigned on February 26, 2019 at 10:00 a.m. (Doc. 34). Counsel for Sream was ordered to show cause why he has failed to participate in scheduled teleconferences as instructed, subject to dismissal under Fed. R. Civ. P. Rule 41(b) or Rule 16(f) for failure to comply. (Doc. 41). Neither counsel for Sream nor any Sream representative appeared for the show cause hearing. (Doc. 35).

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with any order. See Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 629-630.

Because Sream has now repeatedly failed to comply with the Court's orders, and continues to fail to prosecute this lawsuit, IT IS RECOMMENDED that Sream's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen

(14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __27th__ day of February, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge